# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

CLARK R. McKNIGHT, #413-450,

Petitioner

v                                                   Civil Action No. JFM-17-311

WARDEN FRANK BISHOP and
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,

Respondents

## MEMORANDUM

Pending is Clark R. McKnight's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. Respondents Warden Frank Bishop and the Attorney General of the State of Maryland filed a limited answer seeking dismissal of the petition as time-barred. ECF 3. McKnight has filed a reply. ECF 6. After considering the pleadings, exhibits, and applicable law, the court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2016); Rule 8, *Rules Governing Section 2254 Proceedings in the United States District Courts*; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For reasons set forth herein, the petition shall be dismissed with prejudice as time-barred.

## PROCEDURAL HISTORY

On March 7, 2013, McKnight was convicted of first-degree murder, robbery with a dangerous weapon, and robbery by a jury sitting in the Circuit Court for Prince George's County. ECF 3-1 at p. 8.[1] On April 29, 2013, McKnight was sentenced to life with the first 25 years

---

[1] This Memorandum reflects the pagination assigned by the court's automated docketing system.

without possibility of parole for the murder and ten years' consecutive imprisonment for the armed robbery.[2] *Id.,* p. 9. McKnight filed a direct appeal.[3] On August 4, 2014, the Court of Special Appeals of Maryland issued an unreported opinion affirming McKnight's convictions. ECF 3-2, *McKnight v. State of Maryland,* No. 0679 (C.S.A. May 4, 2014). Further review was denied by the Court of Appeal of Maryland on March 30, 2015. ECF 3-2 at p. 12.

McKnight did not seek certiorari in the United States Supreme Court, nor did he seek post-conviction review pursuant to the Maryland Uniform Post Conviction Procedure Act, Md. Code Ann., Crim. Proc. Art., §§ 7-101 *et seq.* (2008). Instead, on June 8, 2015, McKnight filed a state petition for writ of habeas corpus pursuant to Md. Code Ann., Cts. & Jud. P., § 3-701 *et seq.* McKnight states that in that petition he asserted a violation of due process and equal protection on the ground "that the county administrative law judge . . . violated mandatory requirements of Md. Rule 16.101.d.3(ii)[4] when she issued an Order designating five trial judges and herself to continue cases in the circuit court, for which dismissal of all charges is the only mandated sanction." ECF 6 at p. 4. McKnight indicates that in his habeas petition, he argued that "[b]ecause the judge who continued [his] trial was 1 of 6 designated judges, she lacked the authority to grant a continuance . . .If the continuance was legally invalid then every proceeding after is also invalid under Rule 16-101.d.3(ii) and . . . [McKnight] is entitled to dismissal of his

---

[2] The court merged the robbery conviction. *Id.*

[3] McKnight argued on direct appeal that: (1) the evidence was insufficient to sustain a conviction for armed robbery; (2) the motions court erred in denying a motion to suppress extrajudicial identification based on an impermissibly suggestive photographic array; (3) the trial court violated Md. Rule 4-215(e) by failing to inquire as to why he wanted to discharge his counsel; and (4) the trial court erred in denying his motion to dismissed because more than one administrative judge had been granted authority to grant postponements. ECF 3-2 at p. 2.

[4] McKnight's citation cannot be found. The court notes that Rule 16-105(d)(2) provides that, with certain exceptions not relevant here, a County Administrative Judge may (A) with the approval of the Chief Judge of the Court of Appeals, authorize one or more judges to postpone criminal cases on appeal from the District Court or transferred from the District Court because of a demand for jury trial, and (B) authorize not more than one judge at a time to postpone all other criminal cases. Presumably, McKnight' state habeas petition alleged a violation of Rule 16-105(d)(2)(B).

2

charges." *Id.* McKnight's state habeas petition was denied on June 30, 2015.[5] ECF 3-1 at p. 12. The Circuit Court denied McKnight's motion to alter or amend this judgment and motion to reconsider on August 17, 2015. ECF 1-2 at pp. 4-6. The rulings were not appealable under state law;[6] thus, McKnight's "appeal" of the denial of habeas corpus relief was dismissed by the Court of Special Appeals on October 31, 2016. ECF 1-2 at p. 11; *McKnight v. Bishop*, No. 1616 (C.S.A. 2016).[7]

## GROUNDS FOR FEDERAL HABEAS CORPUS RELIEF

McKnight seeks federal habeas corpus relief, alleging a denial of due process and equal protection based on (1) the Circuit Court's failure to dismiss the charges against him after the County Administrative Judge failed to comply with mandatory requirements with Maryland Rule 16-101.d.3(ii); (2) the motions court's failure to initiate a "comparative interpretation of the facts" and grant the motion to dismiss; (3) the trial court's failure to recognize same; (4) the Court of Special Appeals of Maryland's failure to recognize the violation of the Rule; and (5-7) the failure of the state habeas corpus and appellate courts to recognize same. ECF 1 at pp. 4-6.

Before the merits of these claims may be reviewed, the court must consider the threshold issue as to whether the petition was timely filed.

---

[5] The Circuit Court judge's opinion and order of the court provides a slightly different construction of McKnight's habeas corpus arguments. There, the court references his claims for relief as (1) an argument that McKnight's case was continued in violation of Md. Rule 4-271 (the "180-day speedy trial rule"), and (2) the judge issuing the continuance did not comply with Md. Rule 4-215(a) (requiring a judge to inquiry whether a defendant waives the right to counsel at the time of initial appearance and understands other aspects of his rights). The court found that McKnight waived his right to trial within 180 days and a continuance was properly granted by a judge who had been designated to grant the continuance that day by the County Administrative Judge. ECF 1-2 at p. 4.

[6] *See Gluckstern v. Sutton*, 319 Md. 634, 652-53 (1990) (such appeal permitted only where authorized by statute and no statute permits such appeal where the challenge is to the legality of the conviction).

[7] Reconsideration was denied on December 15, 2016. ECF 1-2 at p. 13. The Court of Appeals of Maryland likewise declined to further review the denial of state habeas corpus relief. ECF 1-2 at p. 14; *McKnight v. Bishop*, No. 439 (C.A.).

3

## LIMITATIONS PERIOD

For purposes of assessing the timeliness of the instant petition under 28 U.S.C. §2244(d)(1)-(2), this court treats it as filed on the date it was signed, January 27, 2017. *See Houston v. Lack,* 487 U.S. 266 (1988); *United States v. Dorsey,* 988 F.Supp. 917, 919-20 (D. Md. 1998); Rule 3(d) of the *Rules Governing Section 2254 Cases in the United States District Courts* (applying the "mailbox rule").

### A. Statutory Tolling

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. See 28 U.S.C. § 2244(d)(1); *Wall v. Kholi,* 562 U.S. 545, 549 (2011). The one-year limitation period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

Maryland's highest appellate court denied McKnight's request for further direct review of his convictions on March 30, 2015. Thus, McKnight's convictions became final for direct appeal purposes on June 29, 2015, when the time for seeking review in the Supreme Court expired. *See Jimenez v. Quarterman,* 555 U.S. 113, 119 (2009) (holding that a state prisoner's conviction became final under § 2244(d)(1)(A) once the time for seeking certiorari review of the

state court judgment expired); Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of date of judgment from which review is sought).

McKnight argues that his state habeas corpus petition, filed during the pendency of his direct appeal, is sufficient to toll the limitations period. ECF 6 at p. 2-4. Neither this court nor the United States Court of Appeals for the Fourth Circuit has yet to decide whether a Maryland state habeas corpus proceeding tolls the one-year federal habeas corpus limitations period. The court finds it instructive, however, that an appeal of a direct attack on a conviction is not permitted under the state habeas statute, but is reserved for challenges raised pursuant to the Uniform Post Conviction Procedure Act.

Thus, the appropriate time to run the limitations period applicable here is on the date judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. §2244(d)(1)(A). The other statutory alternatives for starting the running the limitations period, 28 U.S.C. §2244(d)(1)(B)-(D), do not apply under the facts presented.

### B. Equitable Tolling

In order to be entitled to equitable tolling of the limitations period, McKnight must establish that either some wrongful conduct by respondents contributed to the delay in filing his federal habeas corpus petition, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.; see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that

5

some extraordinary circumstance stood in his way."); *Holland v. Florida*, 560 U.S. 631, 648 (2010) (equitable tolling limited to extraordinary circumstance).

McKnight provides no explanation as to why he failed to attack his convictions under available post-conviction procedures. To the extent the delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

McKnight has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred.

Even if his claims were not time-barred, McKnight cannot prevail in this forum.

## COGNIZABILITY

A writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). "'Federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S., at 67–68; *see also Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (federal court may not review constitutional claims if state court has declined to consider their merits on the basis of an adequate and independent state procedural rule). Each of McKnight's claims centers on state criminal procedure and state rules. Because the grounds presented in the instant petition solely address state court rules and procedures, they are not cognizable on federal habeas corpus review, even if they are deemed timely filed.

## CONCLUSION

The instant petition for habeas corpus relief will be denied and this case dismissed by separate order. When a district court dismisses a habeas petition, a certificate of appealability

6

may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). McKnight does not satisfy this standard. *See Buck v. Davis*, \_\_\_ U.S. \_\_\_, 137 S.Ct. 759, 773 (Feb. 22, 2017). Therefore, the court declines to issue a certificate of appealability.[8]

6/17/17

J. Frederick Motz
United States District Judge

---

[8] Denial of a certificate of appealability in the district court does not preclude McKnight from requesting a certificate of appealability from the appellate court.

7